Van Voobhis, J.
Defendant-appellant has been convicted on two counts of crimes in relation to narcotics. The first count of the indictment charges that in the county of New York, on or about November 3, 1955 defendant unlawfully bartered and exchanged, and sold, gave and offered to give to Calvin *25 Malone a quantity of a narcotic drug, to wit, a quantity of heroin. This count, if established, would constitute a violation of section 1751 of the Penal Law, in the language of which this part of the indictment is couched. Section 1751 of the Penal Law refers to such conduct as criminal where it is in violation of any section of article 33 of the Public Health Law. There would be no doubt that this crime was committed if the facts charged in count 1 of the indictment had been established beyond a reasonable doubt.
The fourth count in this indictment, on which appellant was also convicted by the jury, charges that from on or about August 1, 1955 to on or about November 11, 1955, defendant conspired with Calvin Malone to commit the crimes of feloniously selling a narcotic drug, feloniously possessing a narcotic drug with intent to sell, and to commit acts injurious to public health and morals. Overt acts charged in furtherance of said alleged conspiracy are the transaction of November 3, 1955, which is the subject of the first count, and a meeting by prearrangement with Malone on November 11,1955 to accomplish a similar transaction which was intercepted by the police when defendant-appellant was arrested. There is also in the fourth count a general allegation that appellant met Malone at various times and places in Manhattan between August 1 and November 11, 1955 for similar purposes. The defendant has been out on bail since the date of sentence.
The trial court charged the jury that for the purposes of the fourth count (conspiracy) Calvin Malone was a co-conspirator if the jury were to find a conspiracy, and that on that count Malone’s testimony would need to be corroborated by other evidence tending to connect the defendant with the commission of the crime — for the reason that Malone would be an accomplice (Code Grim. Pro., § 399). No corresponding instruction was given in relation to the first count of the indictment— the alleged sale to Malone of heroin on November 3, 1955. The jury were not instructed in regard to any need for corroboration on the first count, either as a question of fact or of law. Defense counsel excepted and requested the court to charge with respect to the first as well as the fourth count that Malone was an accomplice as a matter of law, or, in the alternative, if that request were to be denied, that it was for the jury *26 to decide whether Malone was .an accomplice, and that the defendant must be acquitted if he were found .to have been an .accomplice. At ’the close of the evidence defense counsel moved to dismiss these counts separately on -similar grounds. Exceptions were duly taken.
We think that Malone was an accomplice of defendant as matter of law, respecting both the transactions of November 3 and November 11, 1955., .and ’in connection with both causes of action. As has been stated, the trial court charged the jury that as matter of law Malone was :.an .accomplice respecting the conspiracy charge (fourth count), and this count in the indictment set forth the transaction of November 3,1955 (which ■is the subject of the first count) as one of the overt acts performed in pursuance of the conspiracy. In .other words., under the allegations of the fourth count., Malone was an accomplice in relation to the transaction which is the subject matter of the first count. Malone .testified to no less than 10 transactions with defendant in which he had received heroin from .defendant to be peddled to others, as well .as for his own consumption and that -.of his common-law wife. These “purchases ” were stated by him to have been made “ on consignment This meant that defendant would he paid after .and not until the heroin had been cut and resold at an advanced price.. There was ample in this testimony to indicate .that these transactions were part of a joint venture of some sort between these two men. No corroborating testimony was introduced tending to connect defendant with the transaction of November 3, 1955, on which the first count is based. The first count is supported entirely by Malone’s testimony. When Malone described that transaction according to the same pattern characterizing the other nine transactions to which he testified, including the one of November 11, 1955 (concerning which there is corroborative evidence), Malone’s testimony establishes .quite as much that he was an accomplice in regard to the November 3 transaction as in the ease of ;all of the others. There are no denials of Malone’s -testimony. Defendant did not take the witness stand, nor were any witnesses called for the defense.. The discovery bv the police of heroin at Malone’s other apartment -which Malone testified had been bought from defendant on November 3, 1955, is not corroboration tending to connect defendant with *27 the commission of the crime. Nothing except Malone’s testimony identified the defendant as the person who had supplied Malone with that narcotic. Malone’s accompliceship was established as completely for the purposes of the first count as was done in case of the fourth (conspiracy) count. In the absence of any corroborative evidence required by section 399 of the Code of Criminal Procedure, the first count should have been dismissed.
The conviction under the fourth count should stand. The evidence which is recited in the Per Curiam opinion of the Appellate Division concerning corroboration of defendant’s connection with the crime is sufficient to support his connection with the transaction of November 11, 1955, when he was arrested. That is one of the overt acts charged as part of the conspiracy. Under People v. Dixon (231 N. Y. 111, 116) corroborating evidence is held to be “ enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth.”
The judgment appealed from should be modified (1) by reversing the conviction under the first count of the indictment; (2) by dismissing that count, and (3) by vacating the entire sentence and remitting the case to the Court of General Sessions to exercise its discretion with respect to the sentence under the fourth count with the first count eliminated and, as so modified, the judgment should be affirmed.
Chief Judge Conway and Judges Desmond, Dye, Fund and Burke concur with Judge Van Voobhis; Judge Froessel concurs in the reversal of the conviction under the first count, but would order a new trial on that count, and concurs in the affirmance of the fourth count, but without remission.
Judgment modified (1) by reversing the conviction under the first count of the indictment; (2) by dismissing that count, and (3) by vacating the entire sentence, and remitting the matter to the Court of General Sessions for further proceedings in accordance with the opinion herein and, as so modified, judgment affirmed.