■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK F. GLOVER, Appellant.—Appeal from a judgment of the County Court of Greene County, rendered December 23, 1975, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny. On this appeal defendant raises the sole issue, viz.: was there sufficient corroboration of the accomplice's testimony to sustain defendant's conviction. James Hines, who was previously convicted on his plea of guilty, testified to all the details of the alleged crimes and was clearly an accomplice. The purpose of corroboration required by CPL 60.22 (subd 1) "is to be sure that the facts, even matters which in themselves may be of 'seeming indifference', 'so harmonize with the accomplice's narrative as to have a tendency to furnish the necessary connection between the defendant and the crime.' *(People v Morhouse,* 21 NY2d 66, 74; *People v Dixon* [231 NY 111, 116–117].) It is not necessary to exclude to a moral certainty every hypotheses but that of wrongdoing. *(People v Kohut,* 30 NY2d 183, 193–194.) All that is necessary is to connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth." *(People v Daniels,* 37 NY2d 624, 629–630.) Trooper Byrne testified that when he stopped Hines' car on the highway because of erratic driving, defendant was a passenger in the front seat of the car operated by the accomplice Hines, that the car was loaded with furniture clearly visible

and that a "giant water bottle" was in the foot well of the front seat between the defendant's legs. The furniture and bottle were clearly identified by the owner as property stolen from her farm property and Trooper Byrne further testified that defendant offered a contrary explanation for the presence of the items in the automobile. The propriety of admitting defendant's statement into evidence is not contested on this appeal and, in any event, he never claimed during trial that it had been involuntarily obtained (cf. *People v Spatarella*, 34 NY2d 157). The car when stopped was a few miles from the scene of the crime. We find this sufficient corroboration of the testimony of the accomplice Hines to connect the defendant with the crime in such a way that the jury could reasonably be satisfied that the accomplice was telling the truth *(People v Daniels, supra)*. Judgment affirmed. Koreman, P. J., Greenblott, Kane, Mahoney and Reynolds, JJ., concur.