James G. Starkey, J.
Defendants have moved for an order setting aside a jury verdict convicting them of criminal possession of more than one eighth of an ounce of heroin in violation of section 220.09 of the Penal Law, a C felony. The main *44 ground alleged is insufficiency of the evidence which, as to the two defendants, tended to show the following:
On May 12, 1975, shortly after 2:00 A.M., two police officers entered the common hallway at 529 Snediker Avenue, Brooklyn, to investigate a possible burglary. While checking the doors in the hallway they came upon one in the rear which was ajar, revealing a kitchen table with three fully-dressed people (not including either defendant) seated around it. In open view on the table were three stacks of glossine envelopes, each envelope containing heroin, and each stack bound by a rubber band. There was also a quantity of empty glossine envelopes strewn around the top of the table and, in the tray-like bottom of a soft drink case, two strainers. The circumstances clearly evinced an intent on the part of some person or persons to unlawfully mix, compound, package or otherwise prepare the heroin for sale.
The two officers arrested those at the table and called in a third man, Detective William Bilello, who was outside the building near the main entrance. Detective Bilello promptly joined the other officers in the kitchen, which was approximately 8 feet by 8 feet, and then investigated the rest of the apartment. Next to the kitchen there was a living room, approximately 10 feet by 12 feet, with a foyer leading to a bathroom and a bedroom. In that foyer he found the defendant Hector Suarez, then 21 years old. The defendant was found about 12 or 13 feet from the kitchen. At the same time, he encountered the defendant Maria Caban, then 16, in a doorway between the living room and a second bedroom. She was found about 10 or 12 feet from the kitchen. Each defendant was dressed in a tee shirt and slacks.
The apartment belonged to the mother of the defendant Hector Suarez. The regular occupants included the defendant Hector Suarez, his mother, his two brothers, and the defendant Maria Caban (who, though not a member of the immediate family, had recently taken up residence there). The only member of the Suarez family at home when the police arrived was the defendant Hector Suarez.
In weighing the evidence, it is necessary to take into account subdivision 2 of section 220.25 of the Penal Law which reads as follows: "The presence of a narcotic drug, narcotic preparation on marihuana in open view in a room, other than a public place, under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for *45 sale such controlled substance is presumptive evidence of knowing possession thereof by each and every person in close proximity to such controlled substance at the time such controlled substance was found”.
The defendants urge that (1) subdivision 2 of section 220.25 is unconstitutional, and (2) even if it is constitutional, the evidence is insufficient to sustain their convictions.
The claim that subdivision 2 of section 220.25 is unconstitutional is founded upon the argument that there is not a rational connection between the facts to be proved and the one to be inferred with the aid of the statutory presumption (see Tot v United States, 319 US 463). In that regard it should be noted at the outset that in People v McCaleb (25 NY2d 394), the New York Court of Appeals exacted an even higher standard of rational connection. There, the court held that the connection must assure "a reasonably high degree of probability” that the presumed fact follows from those proven directly (id. at p 404; see, also, People v Leyva, 38 NY2d 160, 166).
By either standard, however, it is readily apparent that subdivision 2 of section 220.25 is constitutional. Indeed, in the 1972 Interim Report of the Temporary State Commission to Evaluate the Drug Laws, the commission took the position that the statute could be strengthened and still meet constitutional requirements. "There is no question as to the validity of this presumption; it is circumscribed in such a manner that it is almost inconceivable that a moderately aware individual found near the drug would be innocently present. Although it is probable that a jury would draw the same inference * * * we think the inference is so compelling that it is reasonable to require by a statutory presumption that the inference be drawn.” (Controlled Substance, Dangerous Unless Used as Directed, NY Legis, Doc, 1972, No. 10, p 70, emphasis added.)
The proposition that the statute is constitutional is reinforced by two decisions of the Court of Appeals. First, in People v Leyva (supra) the court upheld the constitutionality of subdivision 1 of section 220.25 of the Penal Law which reads: "The presence of a controlled substance in an automobile * * * is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found”.
It should be noted that unlike subdivision 2 of section 220.25, this statute does not require that the controlled substance be in open view. Manifestly, knowing possession is less *46 likely as to one in close proximity to a controlled substance, if the substance is concealed, rather than in open view. Nor could it fairly be said that the distinction between an automobile and nonpublic premises significantly affects the probabilities, i.e., few would argue that knowing possession of a controlled substance concealed in an automobile is more likely than knowing possession of a controlled substance in open view in a nonpublic room. A fortiori, if the "rational connection” as to subdivision 1 of section 220.25 meets constitutional standards, that of subdivision 2 of section 220.25 also does.
The second Court of Appeals decision supporting the constitutionality of the statute is People v Daniels (37 NY2d 624). While the issue presented was the sufficiency of the corroboration of accomplice testimony, the court assumed the validity of subdivision 2 of section 220.25 in discussing the question (see People v Daniels, supra, pp 630-631).
The defendants’ second argument — that notwithstanding the validity of subdivision 2 of section 220.25, the evidence is still insufficient — presents two contentions. The first is that the defendants were outside the ambit of the statute since they were in another room and, therefore, not in "close proximity” to the controlled substance. It is true that some interpretations of subdivision 2 of section 220.25 tend to support the proposition that presence in another room — a room which is not a "conveniently located recess” — would not activate the statutory presumption. (See Hechtman, 1971 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 220.25); see, also, People v Daniels, supra [Wachtler, J., concurring opn]; Controlled Substances, Dangerous Unless Used as Directed, supra, at p 70.)
But the language of the statute is not that narrow, and common sense makes it plain that one in "close proximity” to a controlled substance need not be in the same room or in an alcove off the same room. For example, if the controlled substance were in plain view in a large room near a doorway, one just across the doorway in the next room could be much closer to the contraband than someone in the same room as the controlled substance.
The majority in the Daniels case also impliedly rejected such a narrow reading, indicating that in their view even one undressed and in bed in a different room was not outside the reach of the statute (see People v Daniels, 37 NY2d 624, 627, 631).
*47 The fact that neither defendant in this case was beyond the reach of subdivision 2 of section 220.25, however, is not by itself dispositive of the final question, the sufficiency of the evidence. Since the statutory presumption is rebuttable, the question of whether the evidence is sufficient to authorize conviction of a given defendant — even with the assistance of the statute — is one that turns upon the facts of each case. (See People v Leyva, 38 NY2d 160, 169-170, supra; People v Adamkiewicz, 298 NY 176, 181.) Measured by that standard, the two defendants stand in radically different positions.
While both defendants were fully dressed and approximately 12 feet from the kitchen (with the defendant Caban slightly closer than the defendant Suarez), the defendant Hector Suarez was the only member of the Suarez family — the regular occupants of the apartment — on the premises at the time. In the natural order of things, it is unlikely in the extreme that anyone could be conspicuously engaged in packaging narcotics at the kitchen table without his knowledge, approval and participation. As to him, a persuasive argument could be made that the evidence was sufficient without resort to the statutory presumption (see People v Schriber, 34 AD2d 852, 853, affd 29 NY2d 780).
By way of contrast, the evidence of control as to the defendant Caban is virtually nonexistent. She had recently taken up residence in the apartment, was only 16 years of age and was not a member of the Suarez family. She had a legitimate reason for- being in that apartment, but would presumedly have little to say about what went on there while the 21-year-old codefendant was present. These circumstances, coupled with her distance from the contraband at the time the police entered, strongly tend to rebut the statutory presumption. They also compel the conclusion that a reasonable doubt has been raised as a matter of law (cf. People v Adamkiewicz, supra; see, also, People v Schriber, supra; People v Siplin, 29 NY2d 841; People v Perry, 2 NY2d 785; People v Harris, 47 AD2d 385; People v Jefferson, 43 AD2d 112).
The motion of the defendant Hector Suarez is denied; that of the defendant Caban is granted in all respects.