■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FORHMAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Donnelly, J.), rendered September 17, 1980, convicting him of grand larceny in the second degree (two counts), grand larceny in the third degree (two counts), falsifying business records in the first degree and offering a false instrument for filing in the first degree, after a nonjury trial, and imposing sentence. Judgment affirmed and case remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). The defendant's conviction stems from the trial court's finding that he caused Community Hospital of Brooklyn to overpay painting contractor Herbert Tino approximately $13,889.29 from October 27, 1971 through September, 1973. The prosecution claimed that defendant and his assistant administrator and accomplice, Robert Cohen, were to receive 20% of every invoice paid by the hospital to Tino. Further, the prosecution claimed that as part of this plan, defendant caused the filing of falsified financial records with Blue Cross of Greater New York, which eventually resulted in excessive reimbursement to the hospital for the accomplice Tino's painting service. Tino — the only People's witness capable of addressing the issue of the dollar amount involved in the kickbacks — testified that 20% of the billing was kicked back to Cohen and defendant. Both Tino and Cohen testified that the illegal payments were demanded and received by defendant. The defendant testified that he was not a party to any such arrangement. Although defendant raises several issues, only one merits discussion. This is whether the proof adduced by the prosecution complied with CPL 60.22, which provides, in part, that a "defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." The prosecution relies on the following as corroborative evidence: (1) a taped conversation between one Greenberg and defendant, during which it is claimed certain admissions of guilt were made by the defendant; (2) defendant's conduct during an audit by an independent firm of accountants for the hospital which the prosecution characterizes as attempts to conceal illicit conduct; (3) defendant's failure to solicit competitive bids for painting; and (4) a $1,000 withdrawal by Tino from his bank account at approximately the time he testified that he paid defendant and Cohen that amount. CPL 60.22 restates in slightly different language the provisions of section 399 of the Code of Criminal Procedure. Thus, precedents construing section 399 apply as well to CPL 60.22. Under the statute it is not necessary that the corroboration be inconsistent with a theory by which the defendant would be innocent *(People v Mullens,* 292 NY 408, 414-415; *People v Morhouse,* 21 NY2d 66, 75). Nor is it necessary that the corroborative evidence be direct; it may be indirect and circumstantial *(People v Chamberlain,* 38 AD2d 306, 310-311). Evidence of concealment or analogous conduct of the defendant may constitute corroboration *(People v Reddy,* 261 NY 479). "All that is necessary is to connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth. *(People v Malizia,* 4 NY2d 22, 27; *People v Dixon, supra,* at p 116.)" *(People v Daniels,* 37 NY2d 624, 629-630.) In *People v Malone* (205 App Div 257), the defendant, a commissioner of the City of Buffalo, was indicted for auditing and approving a voucher for payment with criminal intent, knowing that it was false, and thereby aiding and abetting a vendor in obtaining from the city the cost of

goods sold but not delivered by the vendor to it. The vendor and an employee under the direction of the defendant testified against him, and they were held to be accomplices. The issue was whether other evidence was sufficient under the statute to corroborate the testimony of the accomplices. That evidence showed that on other occasions the defendant had made arrangements with the vendor to pay for personal property purchased by the defendant whereby the vendor was to be reimbursed by sales vouchers approved by the defendant for payment by the city; and, further, there was testimony that the defendant on other occasions had coal delivered to his home under an agreement with the coal dealer whereby the latter was to be paid through false vouchers approved by the defendant; in addition, there was testimony that the defendant had made the same arrangements with a dealer from whom the city had purchased oil and gasoline; and there was also testimony of a witness not an accomplice that the defendant had instructed him over the telephone to tell one of the accomplices to "sit tight" (p 263). It was held that all such evidence was competent, and could be properly used to corroborate the accomplices' testimony. In *People v Lein* (152 App Div 376, affd 207 NY 667), the defendant was indicted for the crime of grand larceny in the first degree. He was a supervisor of a town in Erie County. The money which the defendant was accused of stealing was paid upon a fraudulent claim against the town made by a contractor for extra work in connection with construction of a sewer system. The contractor testified against the defendant, and it was held that he was an accomplice. Again, the question was whether there was sufficient evidence to corroborate the testimony of the accomplice. There was testimony by a witness not an accomplice that the defendant had made admissions to the contractor after the latter's conviction that he would help the accomplice (p 381) "to get [him] out of it", and that the defendant had obtained money for the accomplice's lawyer. Such evidence was held to be corroborative of the accomplice's testimony. Though we are of the view in the instant case that the evidence of the $1,000 withdrawal by Tino from his bank account at approximately the time he testified that he paid Cohen and defendant that amount does not in itself establish a connection between the defendant and the crimes with which he is charged, we hold that the remainder of the evidence upon which the prosecution relies is corroboration within the intent of the statute. The testimony of Greenberg and the tapes of the conversation between him and the defendant prove admissions of the defendant indicative of his knowledge and participation in the offenses. The evidence of defendant's actions at the time of the audit, though weaker, could be considered by the trial court as attempts of concealment. Similarly, though again the evidence is not as strong, the trial court could find the defendant's failure to ask for competitive bids constituted corroboration within the meaning of the statute. We have reviewed the other arguments of defendant and determine that they are meritless. Hopkins, J. P., Titone, Rabin and Weinstein, JJ., concur.