OPINION OF THE COURT
Herman Cahn, J.
Defendant was convicted after a jury trial, of the crime of criminal possession of a controlled substance in the first degree (Penal Law, § 220.21) and criminal facilitation in the second degree (Penal Law, 115.05). He now moves for an order: (1) dismissing, in the interest of justice, that count of the indictment which charges him with criminal possession of a controlled substance in the first degree, and (2) setting aside the jury verdict of guilty as to criminal possession of a controlled" substance in the first degree on the grounds that the court erred in its instruction to the jury and that juror misconduct prevented defendant from receiving a fair trial (CPL 330.30, subds 1, 2) and (3) *208 setting aside the jury verdict of guilty as to criminal facilitation in the second degree on the ground that juror misconduct prevented defendant from receiving a fair trial (CPL 330.30, subd 2). With respect to that branch of the motion seeking dismissal of the criminal possession count, defendant requests a Clayton, hearing {People v Clayton, 41 AD2d 204) or, in the alternative, that the motion be decided solely on these papers without a hearing.

Applicability of the “room presumption” (Penal Law, §220.25, subd 2)

Defendant moves to set aside the jury verdict as to criminal possession of a controlled substance in the first degree on the ground that the court committed error in instructing the jury that the statutory presumption of possession of drugs in open view in a private room (Penal Law, § 220.25, subd 2) applied in the circumstances here present.
Subdivision 2 of section 220.25 of the Penal Law reads in, pertinent part as follows: “The presence of a narcotic drug * * * in open view in a room, other than a public place, under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for sale such controlled substance is presumptive evidence of knowing possession thereof by each and every person in close proximity to such controlled substance at the time such controlled substance was found”. The presumption created is a permissive one, that is, it is rebuttable.
The evidence adduced at trial revealed that on March 12, 1981, defendant was present in the apartment of Alberto Ceballos; Abelardo Ceballos (Alberto’s brother), and a confidential informant, were also present. Defendant had previously introduced one of the Ceballos brothers to the confidential informant, and these two negotiated for a sale of a substantial quantity of cocaine. Although the negotiations took place in defendant’s apartment, there was no testimony that he took part in them. After the negotiations were completed, the parties traveled to Queens, to reassemble in Ceballos’ apartment where the transaction would be completed. After some additional discussion Maria Puljarin entered the apartment and removed from her *209 clothing a brown opaque bag. Inside this bag were two clear plastic bags which contained cocaine.
During defendant’s presence in the room, the clear plastic bags were removed from the brown bag and placed on a table near defendant. The packages holding the cocaine were not opened other than briefly for the confidential informant to “taste” the powder, nor was the cocaine mixed, packaged or compounded.
After carefully analyzing the statute and giving force and effect to every part and word thereof, as required by sections 97 and 98 of McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1) and taking into consideration the legislative purpose for this enactment, the court now concludes that the room presumption does not apply in these circumstances. The statute (Penal Law, § 220.25, subd 2) was enacted (L 1971, ch 1044) “to cope with the problems of proof which result from raids on illicit drug ‘factories’ * * * [after] such a raid discloses narcotics lying about in open view but not physically possessed by any particular person or persons.” (Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 220.25, pp 49-50.) If the Legislature had intended the application of the statute to be triggered by the mere presence of narcotics in open view in a room, it would not have added the qualifying clause “under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for sale”. As said clause is an integral part of the statute, it is clear that for the statute to come into play, the record must reveal circumstances evincing such intent to mix, compound, package or otherwise prepare for sale. The phrase “otherwise prepare for sale” must be construed in relationship to mix, compound or package. Merely removing two bags containing cocaine from a larger bag, without doing anything to the powder itself, does not constitute mixing, compounding or preparing for sale. Merely removing an outer bag also does not constitute packaging.
Furthermore, those reported cases in which courts have charged the room presumption all involved so-called drug factories, where the record was replete with evidence of circumstances evincing an intent to mix, compound, pack *210 age or otherwise prepare for sale. (See People v Daniels, 37 NY2d 624; People v Lopez, 59 AD2d 767; People v Caban, 90 Misc 2d 43.) As the court in People v Caban (supra, at p 44) stated: “In open view on the table were three stacks of glossine envelopes, each envelope containing heroin, and each stack bound by a rubber band. There was also a quantity of empty glossine envelopes strewn around the top of the table and, in the tray-like bottom of a soft drink case, two strainers. The circumstances clearly evinced an intent on the part of some person or persons to unlawfully mix, compound, package or otherwise prepare the heroin for sale.”
Thus, it is clear that merely displaying drugs, albeit in open view, is insufficient to trigger the statutorily created presumption. This is so even when the purpose of the display was to sell the drugs. Merely displaying the drugs does not in itself constitute preparing them for sale as required by the statute.
Without the “room presumption”, the People did not introduce sufficient evidence to warrant submitting the possessory count to the jury. Said count is therefore dismissed. (CPL 290.10, subd 1.)

Allegations of juror misconduct

Defendant moves to set aside his conviction on the ground that juror misconduct prevented defendant from receiving a fair trial. (CPL 330.30.) Defendant submitted affidavits by several jurors which indicate that an unnamed juror made a comment during the jury’s deliberations that because defendant was of Colombian origin, he must have known about the drug trade. The court has decided the motion on the papers submitted. (CPL 330.40,. subd 2, par [e], cl [i].) The rule in New York with respect to postverdict expressions of jurors is that jtirors may not, except under very carefully carved-out exceptions, impeach their verdicts. (People v De Lucia, 20 NY2d 275, 279.) Defendant’s allegations do not raise claims of bias or prejudice which warrant a further investigation into this matter. (See People v Leonti, 262 NY 256.)
The court has also considered the applications to set aside the verdict as to each count, in the interest of justice. *211 After carefully considering the standards set forth in CPL 210.40 (subd 1), the court denies this branch of the motion.
Therefore, defendant’s motion to dismiss his conviction of criminal possession of a controlled substance in the first degree is granted. In all other respects the motion is denied.