■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO SAMALOT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered January 29, 1982, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

A review of the record discloses that the issues raised on this appeal were not litigated at Criminal Term, and, therefore, were not preserved for our review (see CPL 470.05, subd 2; *People v Hoke,* 62 NY2d 1022; *People v Little,* 62 NY2d 1020; *People v Lebron,* 95 AD2d 864; *People v Rossman,* 95 AD2d 873), and we decline to reach those issues in the exercise of our interest of justice jurisdiction. Lazer, J. P., O'Connor and Lawrence, JJ., concur.

Weinstein, J., concurs and votes to affirm the judgment of conviction, with the following memorandum: While I agree with the result reached by my brethren, I write to express my view of the applicable legal principles involved in the instant case.

It is undisputed that a small quantity of cocaine was seized from under the front seat of the vehicle in which defendant had been a passenger. Indeed, the plastic bag, containing what subsequent analysis proved to be a controlled substance, was found beneath the seat which defendant had recently occupied. The bag, when first observed, was partially beneath the front passenger seat and partially in plain view. There was, however, no direct proof that defendant had knowingly placed it there.

The aggregate weight of the substance discovered, one-eighth ounce plus eight grains, is concededly an insubstantial quantity. Defendant thus argues, in view of this minimal quantity, that the statutory presumption of knowing possession of a controlled substance should not be brought to bear in this case (Penal Law, § 220.25, subd 1). I disagree.

Subdivision 1 of section 220.25 of the Penal Law provides that the presence of a controlled substance in an automobile is presumptive evidence of knowing possession thereof by each and every occupant of the vehicle at the time the substance was discovered, with certain enumerated exceptions, none of which pertain herein. The statute makes no reference to a minimum quantity which must exist as a prerequisite to the operation of the presumption. As set forth in Hechtman's Practice Commentary (McKinney's Cons Laws of NY, Book 39, Penal Law, § 220.25, p 49) to that section:

"The presumption established by subdivision 1 of this section is similar to but much broader than, one predicated in former Penal Law § 1751(4). The former narcotic provisions defined a trio of possession crimes which carried progressively increasing penalties for possession of (1) *any* quantity of narcotics (§ 1751-a[1]), (2) a specified *large* quantity of narcotics (§1751[3]), and (3) indirectly at least, a specified *huge* quantity (§1751[2]). Quite unaccountably, the former automobile presumption applied only to the 'large' quantity (§1751[4]), possession of which constituted the former intermediate or lower felony offense (*id.* [3]), and not to possession of any other quantity, either greater or less.

"Discerning no logic in that discrimination, the 1965 revision applied the presumption when *any* quantity of controlled substances is found in an occupied automobile. In that form, it is substantially broader in two respects, for, in addition to erasure of the quantity limitation, it covered depressants, stimulants, hallucinogenics, etc., as well as narcotics".

The fact that other cases in which the statutory presumption has been invoked dealt with larger quantities of the respective controlled substances discovered than the amount involved in this case (*People v Leyva,* 38 NY2d 160; *People v Daniels,* 37 NY2d 624; see, also, *People v Broadie,* 37 NY2d 100, 113, cert den 423 US 950), should not be construed as restricting the use of subdivision 1 of section 220.25 of the Penal Law to situations involving dealership quantities. I find no support for such an interpretation. While the quantity of a controlled substance may play a significant role with respect to the crime of criminal sale, it should be deemed less significant with respect to the crime of criminal possession. In my view, the requisite element of criminality is present whether the amount of the controlled substance possessed is large or small.

The decision of whether to accept or reject the conclusions indicated by this presumption is entirely in the hands of the jury, with the court's role limited to insuring that the jury is not afforded an opportunity to reach a verdict on an irrational basis

(*Lopez v Curry,* 583 F2d 1188). Since the presumption of knowing possession was properly invoked, the jury's assessment of the situation should not be tampered with.