Bellacosa, J.
(dissenting). I would affirm the County Court’s dismissal of the driving while impaired charge because the corroboration requirement of CPL 60.50 has not been satisfied in this case.
My difference of view from the majority is very simply stated. The statute says there must be some additional proof of the commission of a crime other than a defendant’s confession or admission (CPL 60.50). While that safeguard, designed essentially to protect unfortunate individuals from their own criminal fantasies, calls for the tiniest corroborative proof among the varieties of corroboration (People v Daniels, 37 NY2d 624, 629; Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.50, p 678), it does require something relevant and additional. The majority, with respect, applies the facts and evidence in this case in such a way as to render that statutory safeguard ineffectual.
The crime here is drunk driving. The essence or corpus delicti of that crime is, not surprisingly, "driving while drunk” or, technically, driving while ability is impaired.
In addition to the defendant’s admission to the police officer at the scene, upon being asked who the driver was (he did not volunteer the information), we have presented to us only these utterly equivocal innocent facts: the defendant and two other persons, a male and female, were standing beside a car in a *189 ditch off the road facing the opposite direction and the car was registered to the defendant’s father. I am unable to see how those facts blown together in some amorphous mist constitute anything close to the crime of drunk driving by anyone, no less by this defendant. The number of noncriminal inferences and hypotheses arising from that mist is almost limitless as any experienced driver or even law enforcement professionals will attest. The specific inference that this particular crime, driving while impaired, was committed by anyone has not been independently proven. This recognizes that the People do not have to prove that this defendant was the driver, as that is not an element that needs to be corroborated in this instance. That such a crime could have been committed I will concede, but that is not enough and that is not what the statute demands.
We applied these principles very plainly with respect to the predecessor statute in distinguishing weight of evidence from sufficiency of evidence for purposes of this very corroboration rule (People v Cuozzo, 292 NY 85, 93-95). Also, the majority’s misplaced emphasis on People v Lipsky (57 NY2d 560) is answered and distinguished simply by the fact that there the prosecution independently and circumstantially proved the criminal agency and the homicide, the corpus delicti of that crime, even though the human body was never found.
This court should not be deterred from applying this procedural prophylaxis according to the plain meaning of the statute just because the prosecution’s burden in many of these cases might be made more difficult. Indeed, the publicly and statutorily induced campaigns for rigorous enforcement of drunk driving offenses, laudable as they are, require a proportionate and judicious neutralization against excessive zeal at the expense of the rights of those affected with potentially serious criminal and even felony prosecutions and records. I am confident that law enforcement officials will be able to enforce properly not only the new and more serious drunk driving laws but also can concomitantly safeguard the procedural rights of all citizens affected by all these laws. In my view, the majority’s application of the facts of this case deprives defendant of the protection afforded by CPL 60.50.
Accordingly, I respectfully dissent and vote to affirm the *190 dismissal of the charge by the County Court in its role as an intermediate appellate court.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone and Hancock, Jr., concur with Judge Simons; Judge Bellacosa dissents and votes to affirm in a separate opinion.
Order reversed, etc.