■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS SERRAPICA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered December 6, 1984, convicting him of burglary in the third degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's accomplice in the burglary of an electronics store was the main witness against him at trial. The accomplice testified that he and the defendant and another were drinking together for several hours, then they drove around in the accomplice's car discussing burglary as a means of acquiring some money until the accomplice stopped the car in front of the store he had chosen as an "easy target". All three got out of the car and the accomplice smashed the store window with a baseball bat he carried in his car and handed box radios from inside the store to his two companions. Each man took two radios and got back in the car without realizing that their activities were being observed by a couple who lived in the apartment above the store. The car was stopped by the police a few miles away and the driver was arrested for driving while under the influence of alcohol. The radios were observed in the car with sales tags still attached and when the officers asked who they belonged to, the defendant responded that some of them were his. All three men and their car were taken back to the scene where the young couple who had witnessed the crime identified them and the car as "about the same" as the burglars' car they saw about 30 minutes earlier.

As the triers of fact the jurors were entitled to accept as true the testimony of the accomplice regarding the defendant's participation in the burglary (see, People v Malizia, 62

NY2d 755, 757, *cert denied* 469 US 932). That testimony included sufficient circumstantial evidence of the defendant's intent to participate in the burglary to permit the jury to draw a reasonable inference of the defendant's guilt. Furthermore, the defendant's intent to steal the radios was shown by his own statement of purported ownership. We further find that contrary to the defendant's contention, the accomplice's testimony was sufficiently corroborated by the other evidence in the case (CPL 60.22 [1]; *People v Duniels,* 37 NY2d 624, 629-630).

We find no merit in the defendant's other points on appeal, including his contention that his sentence was excessive. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.