■ The People of the State of New York, Respondent, v Noel Reid, Appellant.—Judgment of Supreme Court, Bronx County (Nicholas Figueroa, J., at hearing, trial and sentence), rendered March 14, 1989, convicting defendant of robbery in the second degree and sentencing him to an indeterminate term of imprisonment of 3 to 9 years, unanimously affirmed.

At trial the prosecution's main witness was Robert Napoleoni, an accomplice who testified in exchange for a promised sentence of time served and probation on this robbery and one other. An accomplice's testimony must be corroborated by "evidence tending to connect the defendant with the commission of such offense" (CPL 60.22 [1]), independent of the testimony of the accomplice, and from an independent source establishing a material fact implicating defendant. *(People v Moses,* 63 NY2d 299, 306.) Such testimony need only "connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth." *(People v Daniels,* 37 NY2d 624, 630.)

Napoleoni testified that he, the defendant, and defendant's brother drove to the scene in a grey Cadillac. When they arrived at the scene, they observed a policeman, and so they drove by three times before parking the car. Defendant's brother went to make a phone call to lure the manager into his office so that Napoleoni could rob the store. This testimony was sufficiently corroborated by Officer Leone who observed the car cruise by slowly three times, defendant's brother making a phone call, and defendant walking along the street looking into store windows. The store manager also offered corroborating evidence by testifying that he received a phone call immediately before the robbery.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Carro, J. P., Rosenberger, Kassal, Ellerin and Wallach, JJ.