■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NESTOR C. ARGUETA, Appellant. [595 NYS2d 821] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 19, 1988, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

"A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission" of the crime (CPL 60.22 [1]). We find that the testimony

of the defendant's accomplice in this case was not sufficiently corroborated to sustain his conviction on the theory that he supplied the cocaine sold by the accomplice to a police informant.

In a tape-recorded telephone conversation, the accomplice told the informant that he would obtain the cocaine from his "buddy" or "friend". The accomplice testified that he picked up the defendant at his home, dropped him off at a Chinese restaurant, proceeded to a nearby Howard Johnson's restaurant where he consummated the sale, and then returned to pick up the defendant. The testimony of the detectives who surveilled the Chinese restaurant added only that the defendant exited the accomplice's vehicle and waited for the accomplice in the restaurant parking lot, and when the accomplice returned, reentered the accomplice's vehicle. Moreover, after arresting the defendant and accomplice in the accomplice's car, the detectives found the proceeds of the sale in the visor over the driver's seat.

The corroboration required by CPL 60.22 (1) must be independent of, and may not draw its weight and probative value from, the accomplice's testimony (see, People v Steinberg, 79 NY2d 673, 683; see also, People v Moses, 63 NY2d 299, 306; People v Hudson, 51 NY2d 233; People v Kress, 284 NY 452). At bar, the only evidence identifying the defendant as the "friend" or "buddy" referred to on the tapes is the trial testimony of the accomplice. There was no evidence from an independent source "tending to connect" the defendant with the sale of the cocaine so as to satisfy the accomplice corroboration rule. Moreover, where, as here, the accomplice has secured a reduced exposure to criminal liability for his cooperation, his testimony is subject to particular scrutiny (see, People v Daniels, 37 NY2d 624; People v Chernauskas, 137 AD2d 607). We note that the defendant's accomplice also admitted on cross-examination to having previously given false testimony in this case.

Further, the trial court erred in permitting the People to adduce evidence of a prior sale by the accomplice for which the defendant was not indicted and, contrary to the People's contention, did not help to establish a common scheme or plan. Therefore, were we not dismissing the indictment for lack of corroborative evidence, we would have ordered a new trial based upon the trial court's erroneous admission of evidence of an uncharged crime (see, People v Alvino, 71 NY2d 233; People v Crandall, 67 NY2d 111). Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.