OPINION OF THE COURT
William Miller, J.
After an in camera review of the transcript of the grand jury proceedings, the court found that the grand jury proceedings were sufficient in a written decision dated October 21, 2016. Thereafter, the People provided the defendant with discovery on November 28, 2016, which included the grand jury testimony of the witnesses. By motion dated February 6, 2017, the defendant moved to reargue the sufficiency of the grand jury proceeding as it relates to those counts of the indictment alleging unlawful sexual conduct. The People oppose. For the reasons that follow, the motion to reargue is granted and the motion to dismiss is denied.
On a motion to dismiss counts of an indictment pursuant to CPL 210.20 (1) (b), the inquiry of the reviewing court is limited to the legal sufficiency of the evidence before the grand jury; the court may not examine the adequacy of the proof to establish reasonable cause, since that inquiry is exclusively the province of the grand jury (People v Jennings, 69 NY2d 103, 115 [1986]; see also People v Jensen, 86 NY2d 248, 252 [1995]).
The evidence before the grand jury is that on May 1, 2016, at 12:30 a.m., the complainant was on her way home after drinking at a bar. Someone came up behind the complainant, slammed her against a tree, and began removing her clothing by tearing it off. The complainant fought against her assailant, but during the struggle, she was slammed against a tree, causing her to ultimately lose consciousness and sustain severe multiple fractures to the skull, eye orbit, and nasal bones that may require surgical repair. The complainant did not see her attacker. She was later found lying on the ground naked because all of her clothing had been removed. The police recovered the complainant’s clothing in nearby garbage and on the ground at the scene of the crime. The defendant was identified as a suspect and admitted to the police to punching the *906 complainant several times in the face and body, stealing the complainant’s wallet, stripping the complainant naked, and inserting a finger in her vagina. There was no physical injury caused by the sexual assault to which the defendant confessed.
The defendant argues that because there was no corroboration of the defendant’s admission to inserting his finger in the complainant’s vagina, there is insufficient evidence to establish any crime involving a sexual offense.
CPL 60.50 states that “[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.” While corroboration is needed in addition to a defendant’s confession, there is no particular degree of corroboration required (People v Lytton, 257 NY 310 [1931]). The additional proof used for corroboration is not required to establish every element of the crime charged (People v Chico, 90 NY2d 585 [1997]). The additional proof need only help to establish that a crime took place (People v Cuozzo, 292 NY 85 [1944]), by “production of some proof, of whatever weight” (People v Daniels, 37 NY2d 624, 629 [1975]). The need for corroboration is to ensure that a defendant is not convicted of an imaginary crime based solely upon his own confession (People v Booden, 69 NY2d 185 [1987]; People v Lipsky, 57 NY2d 560, 570 [1982]; People v Jennings, 40 AD2d 357, 361 [1973]). The corroboration need not even connect the defendant to the crime, so long as the confession and corroboration, when viewed as a whole, provides an understanding of the circumstances of how the criminal transaction occurred (Daniels at 629; see also Lipsky at 571). All that is required of the corroborating evidence is that the totality of the facts supports the inference of guilt in some manner (Booden at 187). When the confession coupled with the corroborating evidence establishes guilt, the resolution of the facts is properly left to a jury, even when the corroborating evidence does not exclude other theories equating with innocence (Lipsky at 571).
In the indictment now before the court, the evidence presented to the grand jury is sufficient (Jennings, 69 NY2d 103; Jensen, 86 NY2d 248). The defendant confessed to punching the complainant repeatedly in the face, taking her wallet, and inserting his finger in the complainant’s vagina. Since there was no physical injury sustained from the sexual assault, the only evidence of a sexual assault came from the defendant’s confession. There is, however, sufficient corroborating evidence *907 from the complainant’s testimony to infer that a crime of a sexual nature occurred (Cuozzo, 292 NY 85; Daniels, 37 NY2d 624; Lytton, 257 NY 310). The complainant testified that she was initially struck from behind and knocked into a tree, her assailant began to rip off her clothing, and then she lost consciousness. A reasonable inference of an intent to sexually assault the complainant can be drawn from the defendant ripping off the complainant’s clothing (Jennings, 40 AD2d 357). It is irrevelant, for the purposes of evaluating the sufficiency of evidence, that the defense may be able to argue another purpose for removing the complainant’s clothing (Lipsky at 571). The defendant’s admission, when coupled with the testimony of the complainant, establishes that the defendant intended not only to rob the complainant, but to sexually assault her as well (Daniels at 629; see also Lipsky at 571). While the corroborating evidence does not establish every element of a sexual assault, there is sufficient proof, of some weight, to establish that a crime of a sexual nature occurred (Chico, 90 NY2d 585; Cuozzo, 292 NY 85). Since there is sufficient evidence to show that the defendant did not confess to an imaginary crime (Booden, 69 NY2d 185), the charges are sufficiently corroborated and are best left to a jury (Lipsky at 571).
Therefore, the court finds that the evidence adduced in the grand jury was legally sufficient to establish the offenses charged as to the defendant. Accordingly, defendant’s motion to reargue is granted and the motion to dismiss counts in the indictment is denied.