■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLAVIN GRIFFIN, Appellant.— Appeal by defendant from a judgment of the County Court, Queens County, rendered May 3, 1960 after a jury trial, convicting him of incest and impairing the morals of a minor; sentencing him to serve a term of 5 to 10 years on the incest count; and suspending sentence on the morals impairment count. Judgment reversed on the law and the facts, and a new trial granted. In the interests of justice there should be a new trial because of the nature of the proof adduced and because of the conduct of the prosecutor. The proof adduced was not of the clear and convincing kind required to establish beyond a reasonable doubt the defendant's guilt in a case which, as here, involves sex and in which no corroboration is needed (cf. *People* v. *Porcaro,* 6 N Y 2d 248; *People* v. *Oyola,* 6 N Y 2d 259, 262; *People* v. *Slaughter,* 278 N. Y. 479). The conduct of the prosecutor also deprived defendant of a fair trial. In his summation the prosecutor not only made remarks calculated to inflame the jury but he also, in effect, made himself an unsworn witness against defendant; he endeavored to support his case by his own veracity and position. In a case such as this, where the proof was weak and unconvincing, such conduct on the part of the prosecutor requires a reversal (cf. *People* v. *Jackson,* 7 N Y 2d 142;

*People* v. *Lovello,* 1 N Y 2d 436; *People* v. *Tassiello,* 300 N. Y. 425; *People* v. *Nicoll,* 3 A D 2d 64; *People* v. *Gioia,* 286 App. Div. 528). Ughetta, Kleinfeld, Christ and Hill, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: In my opinion, the proof presented a clear-cut issue of fact for the jury as to whether defendant's guilt was established beyond a reasonable doubt. Its verdict therefore should not be disturbed (cf. *People* v. *Gibson,* 301 N. Y. 244). The cases relied on by the majority (such as *People* v. *Porcaro,* 6 N Y 2d 248; *People* v. *Oyola,* 6 N Y 2d 259) are clearly distinguishable. There, the proof was doubtful and suspicious; here it is not and, as stated, it was sufficient to present the issue of fact for determination by the jury. As to the prejudicial remarks of the prosecutor, under the circumstances here it is my opinion they were not so serious as to affect any substantial right of the defendant; they do not require reversal, especially since no objection was taken to them during the trial (Code Crim. Pro., § 542).