Memorandum. The order of the Appellate Division should be affirmed.
In view of the extensive cross-examination conducted by defense counsel, the District Attorney’s redirect did not consti *954 tute improper bolstering but rather a permissible form of rehabilitation (see People v Baker, 23 NY2d 307, 322-323; People v Gallo, 12 NY2d 12, 15; Richardson, Evidence [10th ed], § 523, p 515).
We further note that the accomplice McKinney’s testimony was amply corroborated by the two statements defendant gave to the police. The admissions therein that he was in the company of other participants in the crime when they were "getting ready” to commit it and that he thereafter was also present at the scene when it actually occurred fully satisfied the statutory requirement for other evidence "tending to connect the defendant with the commission of such offense” (CPL 60.22; see People v Wasserman, 46 AD2d 915, 916; People v Gioia, 286 App Div 528, 529; cf. People v Daniels, 37 NY2d 624).
The other points raised on this appeal have also been considered and they too are found to be without merit.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.