THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PUCCI, Appellant.—Appeal by defendant from a judgment of the County Court, Putnam County, rendered May 16, 1979, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The accomplice testimony was amply corroborated by independent evidence at the trial. For example, a police chemist testified that the tape used both to bind the corpse in a makeshift shroud before its disposal in the Hudson River and to cover blood stains in the appellant's car, where the victim was first assaulted, matched a roll of tape later recovered from the car's trunk. Such evidence clearly "tend[s] to connect" the appellant with the commission of the crime within the meaning of CPL 60.22 (subd 1). Additionally, appellant's own trial testimony placed him in the company of the accomplices at all material times during the commission of the crime—from the preparation, through the assault and fatal shooting, to the disposal of the body. Since the crime proceeded in an open manner and the fact of criminality must have been known to all present, these admissions also supplied independent evidentiary support (see *People v Burgin,* 40 NY2d 953, 954; *People v Wasserman,* 46 AD2d 915, 916; see, also, *People v Cona,* 49 NY2d 26, 32, n 1, modfg 60 AD2d 318). Furthermore, had the point been preserved for our review, we would have found no error in the trial court's failure, in its charge to the jury, to specify particular items of evidence which, if credited, could supply the necessary corroboration. It is settled that there is no absolute duty to give such a charge (see *People v Baker,* 23 NY2d 307, 325) and the trial court's instruction on the matter of corroboration in the instant case was sufficient in all other respects (see *People v Reddy,* 261 NY 479, 484). Moreover although certain of the exhibits displayed to the jury were of little or no probative value and tended unduly to

arouse the jurors' passions (see *People v Pobliner*, 32 NY2d 356, 369-370), no objection was raised by defense counsel at the trial. Since the Trial Judge took effective and early precautions to minimize any prejudice to appellant, we deem it unnecessary to grant a new trial in the interest of justice. Finally, the evidence of appellant's prior involvement in the sale of illicit drugs was germane to the question of a motive to commit the crime charged and did not constitute an improper use of uncharged crimes (see *People v Allweiss*, 48 NY2d 40, 46-47; *People v Jackson*, 39 NY2d 64, 67-68; *People v Molineux*, 168 NY 264). Damiani, J. P., Mangano, Rabin and Margett, JJ., concur.