■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS NIETO, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered on August 16, 1982, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The facts have been considered and are determined to have been established. The core issue on this appeal is whether the People adduced sufficient evidence at trial to corroborate the testimony of their two primary witnesses, who, concededly, were accomplices as a matter of

law. We conclude that they did not and, therefore, reverse. According to the two accomplices, Anastasio Santiago and Julio Perez, the defendant told them that he was doing some construction work at a house in Merrick and that the woman who lived there owned some expensive jewelry. Thereafter, defendant and the accomplices formulated a plan for a robbery. Defendant was to make a telephone call announcing a delivery of supplies and then Perez and Santiago were to gain entry by posing as the deliverymen. The scheme was carried out on January 15, 1981. Perez and Santiago obtained entry as planned, bound and gagged the occupant and took her diamond ring and earrings. They claim they then drove to the defendant's home and gave him the jewelry. Defendant's conviction, based on the accomplices' testimony, cannot stand unless there is "corroborative evidence tending to connect" him with the crime (CPL 60.22, subd 1). The corroborative evidence must be truly independent and may not rest on the accomplices' testimony for its probative value (e.g., *People v Glasper*, 52 NY2d 970, 971; *People v Hudson*, 51 NY2d 233, 238). As we have noted, "[t]he purported corroborative testimony is insufficient if it merely tends to establish the credibility of the accomplice, since the statute (Code Crim Pro, § 339 [now CPL 60.22]) does not permit a conviction solely on the testimony of an accomplice just because his testimony appears to be credible. The corroborative evidence, to be legally effective, must come from an independent showing of some material fact tending to connect the defendant with the crime * * * Although it need not, in and of itself, establish that the defendant committed the crime, its value as corroborative evidence may not depend for its weight and probative value upon the accomplice testimony" (*People v Wasserman*, 46 AD2d 915, 916, cited with approval in *People v Burgin*, 40 NY2d 953, 954; see, also, *People v Ohlstein*, 44 NY2d 896, affg 54 AD2d 109). The People rely upon (1) defendant's presence at the job site where he sought and obtained some work, (2) defendant's presence with Santiago and "another guy" the day after the robbery, (3) defendant's statement to Perez that 4:30 P.M. would be a good time to commit the robbery because the victim would be alone, the workers would be leaving the place and her son would not be expected until "after 5, 6 o'clock", (4) the victim's testimony that she had, in fact, received a telephone call telling her to await a delivery, and (5) a police detective's testimony, in rebuttal, that, contrary to defendant's testimony denying the making of any postarrest incriminating statements, defendant had told him that he had shown the victim's home to Perez and Santiago, but did not mean for them to commit a robbery, and that, while Santiago had brought him some jewelry, he did not take it and did not want to have anything to do with it. Neither separately nor in combination do these factors satisfy the statutory requirements. Defendant's presence at the scene of the crime was not at the time of its commission (cf. *People v Chamberlain*, 38 AD2d 306, 311) and the association with the accomplices established no nexus with any criminal activity (cf. *People v Burgin*, 40 NY2d 953, *supra*; *People v Gioia*, 286 App Div 528, 529). Again, as we noted in *People v Wasserman* (46 AD2d 915, 916, *supra*): "Presence is relevant on the issue of corroboration where the crime proceeds in an open manner so that the fact of criminality must be known to all present, or where the defendant denies his presence and denial is proved false (*People v. Deitsch*, 237 N. Y. 300). Association with an actor in the crime is relevant only if it may reasonably give rise to an inference that the defendant was also a participant. Inferences flowing from presence or association must rest upon probability. Therefore, no such inference may be reasonably drawn in this case, since the probabilities based on experience and proof do not justify it". Similarly, the victim's testimony that she received a telephone call prior to the robbery merely tends to establish that Perez is telling the truth. Absent Perez' testimony, however, it does not tend to connect the defendant with the

crime, and, therefore, cannot be deemed sufficient independent corroborative evidence (*People v Ohlstein,* 44 NY2d 896, affg 54 AD2d 109, 112, *supra; People v Wasserman,* 46 AD2d 915, 917, *supra; People v Gaines,* 87 AD2d 616, 617-618, mot for lv to app den 56 NY2d 1037). Finally, the police detective's testimony furnishes no link between the defendant and the criminal activity charged. Indeed, the purported "admissions" of the defendant are actually denials of involvement. In any event, even if they were more probative, the inconsistent statements were received on rebuttal solely for the purpose of impeaching defendant's credibility and not for the truth of the facts asserted (*People v Freeman,* 9 NY2d 600; *People v Raja,* 77 AD2d 322, 325; *People v Ramirez,* 51 AD2d 809, 810). Hence, they have no value as corroborative evidence. In sum, if the factors relied upon by the People would constitute sufficient corroboration to sustain defendant's conviction, precious little would be left of the statutory requirements. At best, the evidence tends to support the accomplices' credibility, but it does not reasonably tend to connect the defendant with the crime. Thus, there was no corroborative evidence as a matter of law and the case should not have been submitted to the jury. Titone, J. P., Gibbons and Gulotta, JJ., concur.

Mangano, J., concurs in the result, with the following memorandum: The defendant's statements to the police, as testified to by a police detective on rebuttal, were received solely for the purpose of impeaching defendant's credibility and not for the truth of the facts asserted therein (*People v Freeman,* 9 NY2d 600; *People v Raja,* 77 AD2d 322, 325; *People v Ramirez,* 51 AD2d 809, 810). Accordingly, they cannot be considered as corroborative evidence. Without the aid of these statements, the remaining evidence offered by the People as corroborative of the accomplices' testimony is simply insufficient, as a matter of law, to connect defendant with the crime (CPL 60.22). It is on this basis alone that I join in voting to reverse the judgment of conviction.