■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CUEVAS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Reilly, J.), rendered February 22, 1982, convicting him of burglary in third degree (two counts), grand larceny in the second degree and criminal mischief in the fourth degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. On this appeal defendant challenges as error, *inter alia,* certain comments made by the prosecutor during his summation, a portion of the court's charge to the jury, and the denial of his motion to dismiss for insufficient corroboration of accomplice testimony. There was sufficient corroborative evidence tending to connect defendant with the commission of the crimes for which he was convicted. The defendant was observed by two police officers crouched down behind the front fender of his automobile, peering up and down the street in the manner of a lookout, and pretending to Simonize his car without the necessary equipment, one block away from the scene of the crimes, as they were being committed by his accomplice. This type of suspicious activity in close proximity to the scene of the crimes, taken in conjunction with defendant's admission that he drove the accomplice to the area, suffices to corroborate the testimony of the accomplice that defendant acted as a "wheelman" (see *People v Hudson,* 51 NY2d 233; *People v Burgin,* 40 NY2d 953; *People v Gioia,* 286 App Div 528, 529). As to the other claims, we note that the prosecutor in his summation repeatedly commented on the fact that defendant had false license plates on his car and that three gold chains, not shown to be connected with the burglaries, were found in the car. These comments were the subject of objections followed by curative instructions. The prosecutor, by his persistent attempts to evade the court's rulings on these matters, clearly exceeded the bounds of a proper summation. Because of the court's prompt attempts to cure the errors, we do not believe that the asserted prosecutorial errors rose to the level of depriving the defendant of the right to a fair trial (see *People v McCloskey,* 92 AD2d 672). The claim of error with respect to the charge to the jury concerns an obvious misstatement by the court. Because the court gave an immediate curative instruction and there was no request for further instructions or for a mistrial, this error is not reviewable as a matter of law (see *People v Giles,* 87 AD2d 636; *People v Jones,* 77 AD2d 913, affd 55 NY2d 771). Under the circumstances, review in the interest of justice is not warranted. We have considered defendant's other contentions and find them to be without merit. Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.