■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN ASCHEIM, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Delaney, J.), rendered August 10, 1982, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

According to Jennifer Straker, the People's primary witness at trial, the defendant solicited her, and through her, his codefendant, William McElroy, to steal jewelry from the home of Thelma Miller in Pound Ridge, New York. Straker testified that the defendant told her he had been inside the house pretending to be a prospective buyer and had made a diagram of the floor plan and the location of several burglar alarms. She claimed that, at the defendant's suggestion, she gained entry to the Miller residence by pretending to be an artist desirous of painting the house, and that she then requested that Mrs. Miller permit the codefendant, masquerading as her chauffeur, to use the bathroom. Once inside, the two accomplices handcuffed, tied and gagged Mrs. Miller and stole her jewelry. Straker further testified that the defendant came to her apartment and picked up the jewelry later that day, then returned two days later and paid her $2,500 to split with the codefendant as their share of the proceeds.

Since, concededly, Straker was an accomplice as a matter of law (CPL 60.22 [2] [a]), her testimony that the defendant participated in the crime by planning it and disposing of the proceeds could not by itself lead to his conviction unless it was supported by "corroborative evidence tending to connect the defendant with the commission of [the] offense" (CPL 60.22 [1]). The corroborative evidence, furthermore, must be "truly independent and may not rest on the accomplices' testimony for its probative value" (People v Nieto, 97 AD2d 774, 775; see also, People v Glasper, 52 NY2d 970, 971; People v Hudson, 51 NY2d 233, 238).

The People contend that Straker's testimony was corroborated by (1) the testimony of other witnesses that the defendant visited her at her apartment, and (2) the testimony of a real estate broker that she showed the Miller house to the defendant at a time when it was for sale prior to the robbery. However, these facts do not suffice to meet the legal requirements for corroborative evidence. Neither the defendant's past association with Straker nor his mere presence in the house on an occasion other than the date of the crime gives rise to any logical inference of criminality apart from Straker's testimony. The People urge us to "harmonize" the other evidence with Straker's account, but that is contrary to the law's command that corroborative evidence be viewed independently (see, People v Nieto, 97 AD2d 774, supra; People v Wasserman, 46 AD2d 915, 916).

As the Court of Appeals noted in People v Moses (63 NY2d 299, 307): "Presence at the scene of a crime may provide the

necessary corroboration where, for example, 'there was no plausible hypothesis therefor other than that the defendant was a likely participant in the criminal transaction, or, even if there were an innocent explanation therefor, if the circumstances of the crime itself were otherwise such as to import corroborating significance' *(People v Hudson,* 51 NY2d 233, 240, n; *People v Tillotson,* 63 NY2d 731; see, also, *People v Wasserman,* 46 AD2d 915, *supra).* Thus, even independent evidence of a defendant's presence at the scene of a crime at the time of its commission may not invariably corroborate an accomplice's accusation *(People v Lanza,* 57 NY2d 807, revg on dissent 83 AD2d 714; *People v Hudson,* 51 NY2d 233, 240, *supra).* But where the independent evidence establishes defendant's presence at the scene of a crime at a time other than when it was committed, it is all the more difficult to invest it with corroborative significance (cf. *People v Kress,* 284 NY 452, *supra; People v Nieto,* 97 AD2d 774, *supra; People v Horton,* 61 AD2d 1082).''

In the instant case, the real estate broker testified that she showed the Miller house, among others, to the defendant as a prospective purchaser. The defendant testified without contradiction that he had a sufficient income with which to purchase such a house. These facts give rise to no inference of criminality. Similarly, the defendant's association with Straker in itself discloses no criminal nexus. " 'Association with an actor in the crime is relevant only if it may reasonably give rise to an inference that the defendant was also a participant' " *(People v Nieto, supra,* at 775, quoting *People v Wasserman, supra,* at 916). Since the inferences urged by the People may not reasonably be drawn from the evidence they attempt to portray as corroborative, it is clear that the defendant's conviction cannot stand, as it rests solely on the unsupported testimony of his accomplice.

In view of our determination, it is not necessary to reach the other issues raised by the defendant. Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.