■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN EALEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered November 21, 1983, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 21, 1982, the defendant stole a box containing two large plastic bags filled with washcloths from the back of a truck. When, on the following day, he discovered that one of the bags was missing from his girlfriend's apartment, where he had stored them, the defendant who had been using cocaine, accused his acquaintances Hogan, and then Varner of the theft. When Varner denied that he had done it, the defendant shot him in the abdomen at point blank range, killing him.

On appeal, the defendant argues that he was deprived of his right to a fair trial when the prosecutor asked a witness if he was in fear for his life. The defendant's contention is without merit. The witness did not answer the question, and counsel's prompt objection was sustained by the court, which immediately issued curative instructions. The asserted prosecutorial error did not rise to the level of depriving the defendant of his right to a fair trial (see, People v Cuevas, 99 AD2d 553).

The defendant also contends that an unjustified closure occurred when the Trial Judge excluded the defendant's family from the courtroom in order to ascertain if a prosecution witness was too intimidated by their presence to testify. There is no merit to the defendant's contention. It is precisely this sort of preliminary evidentiary hearing, behind closed doors if necessary, that has been deemed most efficacious in determining "whether an application to close a courtroom is meritorious" *(People v Jones,* 47 NY2d 409, 414, *cert denied* 444 US 946).* We note that in the instant case, when the witness could give no factual reason for his alleged apprehension, the court recalled the defendant's family and the witness testified in full public view.

Further, the defendant submits that the evidence adduced at trial was legally insufficient for the jury to have found him guilty of manslaughter in the first degree, since the defendant was under the influence of drugs at the time. This argument is equally meritless. Depending upon his degree of intoxication, an intoxicated person may be capable of forming a criminal intent *(People v Bell,* 111 AD2d 926). Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the verdict.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.