■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD "BUDDY" PYNES, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant argues that his convictions for conspiracy in the second degree, as well as criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the second degree, based upon a theory of accessorial liability, must be reversed and the indictment dismissed because the testimony of the accomplices was not sufficiently corroborated. We agree.

David DeLucia and Gary Montgomery testified that defendant was present at a meeting at a restaurant owned by defendant, when Montgomery agreed to supply DeLucia with cocaine for resale. Montgomery testified that it was agreed that defendant would receive a "cut". Both DeLucia and Montgomery admitted that defendant had no further involvement in the actual sales of cocaine by Montgomery to DeLucia because they had decided to cut defendant out of the deal. DeLucia resold the cocaine to an undercover State Police investigator, and both he and Montgomery were arrested at the conclusion of a four-ounce sale.

Because the evidence against defendant was provided by witnesses who were his accomplices as a matter of law, the People were required to provide corroborative evidence tending to connect defendant with the commission of the offenses so as to satisfy the jury that the accomplices were telling the truth *(see,* CPL 60.22 [1]; *People v Glasper,* 52 NY2d 970, 971). It is settled that the testimony of one accomplice cannot be used to corroborate the testimony of another accomplice *(People v Ohlstein,* 54 AD2d 109, 112, *affd* 44 NY2d 896; *People v Chamberlain,* 38 AD2d 306, 311), nor can evidence be deemed corroborative if its weight and probative value depends upon the testimony of an accomplice *(People v Hudson,* 51 NY2d 233, 238; *People v Kress,* 284 NY 452, 460; *People v Wasserman,* 46 AD2d 915, 916).

Upon our review of the record, we conclude that the only

evidence presented by the prosecution which could possibly tend to connect defendant to a conspiracy to possess and sell cocaine were two telephone conversations between defendant and Montgomery, recorded after Montgomery was arrested. The prosecution argues that defendant's statements are admissions that corroborate the accomplices' testimony. Although admissions by the defendant can provide the required corroboration (see, People v Burgin, 40 NY2d 953, 954), they are insufficient here because the probative value of defendant's statements depends upon the explanation of the conversations provided by Montgomery. The cryptic statements are not self-explanatory, and one cannot reasonably conclude, from the conversations themselves, that they involve drug deals (cf., People v Potenza, 92 AD2d 21, 28). Consequently, the convictions must be reversed and the indictment dismissed. In light of this determination, we do not reach the remaining issues raised by defendant. (Appeal from Judgment of Oneida County Court, Murad, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.