◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN WILSON, Appellant. [624 NYS2d 718] —Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant was convicted of one count of criminal sale of a controlled substance in the third degree and two counts of conspiracy in the fourth degree. The charges arose out of the sale of cocaine to Greg Lawson and the conspiracy to sell cocaine to Charles Stillwell. Lawson and Stillwell testified against defendant in exchange for immunity from prosecution. County Court instructed the jury that Lawson and Stillwell were accomplices as a matter of law and that their testimony required corroboration *(see,* CPL 60.22). The court further instructed the jury that the People had offered, as corroborative evidence of the accomplices' testimony, tapes of conversations between defendant and each accomplice, obtained through the execution of an eavesdropping warrant on defendant's telephone. The People did not object to the charge.

We agree with defendant that, because they failed to object to the charge as given, the People may not argue on appeal that evidence other than the taped conversations served to corroborate the testimony of the accomplices *(see, People v Steinberg,* 79 NY2d 673, 683-684; *People v Daniels,* 37 NY2d 624, 630, n 3; *cf., People v Malagon,* 50 NY2d 954; *People v Bell,* 48 NY2d 913, 915, *rearg denied* 49 NY2d 801; *People v Bailey,* 159 AD2d 1009). We further agree with defendant that the taped conversations are not sufficient corroboration of the accomplices' testimony.

Corroborative evidence need tend only to connect defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth *(see, People v Breland,* 83 NY2d 286, 292-293; *People v Steinberg, supra,* at 683; *People v Glasper,* 52 NY2d 970, 971; *People v Daniels, supra,* at 629). The corroborative evidence, however, "must be independent of, and may not draw its weight and probative value from, the accomplice's testimony" *(People v Steinberg, supra,* at 683; *see also, People v Moses,* 63 NY2d 299, 306). Tapes of telephone conversations intercepted through the use of legal wiretaps can corroborate the testimony of an accomplice *(see, People v Jewsbury,* 115 AD2d 341, 342; *People v Potenza,* 92 AD2d 21, 28). If the incriminating nature of the conversations can be ascertained only by reference to the accomplice's testimony, however, the conversations are insufficient to corroborate the accomplice's testimony *(see, People v Rosica,* 199 AD2d 773, 775-776, *lv denied* 83 NY2d 876; *People v Argueta,* 192 AD2d 538, 539, *lv denied* 81 NY2d 1069; *People v Pynes,* 170 AD2d 981, *lv denied* 78 NY2d 972; *cf., People v Weaver,* 157 AD2d 983, 985-986, *lv denied* 76 NY2d 744). Here, as in *Rosica, Argueta,* and *Pynes,* the conversations, standing alone, are not incriminating. Only when they are referenced to the testimony of the accomplices, who explain what was "actually" being discussed, do the conversations become incriminating. Consequently, the conversations fail to corroborate the testimony of the accomplices, requiring reversal of the conviction and dismissal of the indictment. In light of that determination, it is unnecessary to reach defendant's remaining arguments. (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Wesley, Callahan, Doerr and Davis, JJ.