■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AL CATTER, Appellant. [656 NYS2d 902] —Appeal by the defendant from (1) a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered April 13, 1994, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the County Court, Nassau County (Wexner, J.), entered December 4, 1995, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

"If the undisputed evidence establishes that a witness is an accomplice, the jury must be so instructed but, if different inferences may reasonably be drawn from the proof regarding complicity * * * the question should be left to the jury for its determination" *(People v Basch,* 36 NY2d 154, 157; *see, People v Sweet,* 78 NY2d 263; *People v Cody,* 190 AD2d 684). Contrary to the defendant's contention, in the instant case it was appropriate for the court to instruct the jury to determine whether a prosecution witness was an accomplice. Further, there is no merit to the defendant's contention that there was insufficient nonaccomplice evidence to support his conviction *(see, People v Daniels,* 37 NY2d 624; *People v Ascheim,* 144 AD2d 680).

Additionally; it was not error for the court to deny the defendant's motion pursuant to CPL 440.10 without a hearing *(see, People v Satterfield,* 66 NY2d 796; *People v Robinson,* 211 AD2d 733).

The defendant's remaining contentions lack merit. Sullivan, J. P., Santucci, Friedmann and McGinity, JJ., concur.