■ The People of the State of New York, Respondent, v Terry A. Moore, Appellant. (Appeal No. 2.) [837 NYS2d 484]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered May 11, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, his contention is without merit. "An essential element of the offense of criminal possession of a forged instrument is knowledge by the defendant that the instrument is forged," which may be established circumstantially by conduct and events (*People v Johnson*, 65 NY2d 556, 560 [1985], *rearg denied* 66 NY2d 759 [1985]). "The mere negotiation or utterance of a forged instrument cannot, of itself, establish a presumption that defendant had knowledge of the forged nature of the instrument" (*id.* at 561).

Here, viewing the evidence in the light most favorable to the People, we conclude that "the jury . . . had a sufficient evidentiary basis upon which to find defendant's knowledge of the forged character of the possessed instrument beyond a reasonable doubt" (*id.*). The evidence established that defendant accepted and cashed a check from a customer of his corporate employer. The check was made payable to defendant's employer and was endorsed with the employer's name on the back of the check. The owner of the corporation was out of town when defendant accepted the check from the customer, and the owner of the corporation testified that she did not authorize defendant to cash it. The jury was entitled to infer that defendant had knowledge of the forged nature of the check inasmuch as the evidence established that he had exclusive possession of the initially unendorsed check upon accepting it from the customer and

that, when defendant cashed the check, it was endorsed with his employer's name. Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to object to the prosecutor's cross-examining him concerning a prior bad act and thus failed to preserve for our review his contention that such questioning was improper on the ground that the People had failed to seek a *Sandoval* ruling with respect to that prior bad act (*see* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, defendant was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present— Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.