■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE WOODS, Appellant. [899 NYS2d 763]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered October 3, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the first degree (Penal Law § 140.30 [2]). Defendant failed to preserve for our review his contention that County Court erred in allowing the People to present evidence of certain prior bad acts inasmuch as defendant did not object to the evidence on that ground (*see* CPL 470.05 [2]; *see also People v Moore*, 41 AD3d 1202, 1204 [2007], *lv denied* 9 NY3d 879 [2007]). In any event, the testimony of the victim's boyfriend that defendant had asked him to sell drugs and that he had repeatedly refused was relevant to defendant's motive and his relationship with the victim (*see People v Chebere*, 292 AD2d 323 [2002], *lv denied* 98 NY2d 673 [2002]; *People v Guiterrez*, 272 AD2d 58 [2000]; *People v Pucci*, 77 AD2d 916 [1980], *lv denied* 51 NY2d 883 [1980]). Further, the probative value of that testimony outweighed its potential for prejudice (*see People v Kelly*, 71 AD3d 1520 [2010]).

Defendant made only a general motion for a trial order of dismissal and thus failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that challenge lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant also failed to preserve for our review his contention that the court erred in failing to afford him the opportunity to provide input concerning the court's response to two of the jury notes (*see People v Peller*, 8 AD3d 1123 [2004], *lv denied* 3 NY3d 679 [2004]). In any event, the record establishes that defendant and defense counsel were present when the court read those jury notes and that defendant thus had ample opportunity to provide input with respect to the court's responses (*see generally People v Brown*, 23 AD3d 491 [2005], *lv denied* 6 NY3d 774 [2006]).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Finally, we reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Lewis*, 67 AD3d 1396 [2009], *lv denied* 14 NY3d 772 [2010]; *People v Maryon*, 20 AD3d 911, 912-913 [2005], *lv denied* 5 NY3d 854 [2005]). Present—Martoche, J.P., Centra, Fahey, Peradotto and Pine, JJ.