The People of the State of New York, Respondent, 
against
Morris Jones, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Erika M. Edwards, J.), rendered September 1, 2015, convicting him, upon a plea of guilty, of criminal possession of a forged instrument in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Erika M. Edwards, J.), rendered September 1, 2015, affirmed.
In view of the defendant's knowing waiver of his right to prosecution by information, the accusatory instrument is assessed under the standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 521 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal possession of a forged instrument in the third degree (see Penal Law § 170.20), the crime to which defendant ultimately pleaded guilty. The factual portion of the accusatory instrument alleges, inter alia, that defendant attempted "to cash a TD Bank check" from an account "belonging to a second individual ... and bearing a signature ostensibly belonging to the said second individual"; that the bank teller observed that the signature on the check was printed rather than in cursive style, and did not match the account holder's signature on file with the bank; and that the bank teller contacted the account holder, who stated that she did not issue the subject check to the defendant and that "defendant did not have permission or authority to cash checks or withdraw funds from [her] bank account." These factual allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), established that the check defendant possessed had been "falsely alter[ed]" so as to constitute a "forged instrument" (see Penal Law § 170.00[6],[7]; People v Moore, 41 AD3d 1202 [2007], lv denied 9 NY3d 879 [2007]), and specified information from which defendant's knowledge and intent could be inferred. No additional evidentiary details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]). 
Contrary to defendant's assertion, the hearsay defects in the accusatory instrument were [*2]nonjurisdictional and, thus, were forfeited by his guilty plea (see People v Keizer, 100 NY2d 114, 121 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 26, 2016